IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AUTOCAM CORPORATION, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01096-RJJ |
| ) | |
| SYLVIA M. BURWELL, *et al.* ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] INJUNCTION AND JUDGMENT**

In light of the Supreme Court's decision in *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014), and upon the parties' joint motion, it is hereby

ORDERED that defendants, their employees, agents, and successors in office are permanently enjoined

(a) from enforcing

(1) the "June 30, 2014 Contraceptive Coverage Requirement," defined here to include those provisions of federal law in existence on June 30, 2014, when the Supreme Court decided *Hobby Lobby*, that require plaintiff Autocam Medical, LLC, to provide its employees with health coverage for contraceptive methods, sterilization procedures, and related patient education and counseling to which plaintiff objects on religious grounds, *e.g.*, 26 C.F.R. § 54.9815-2713(a)(1)(iv); 29 C.F.R. § 2590.715-2713(a)(1)(iv); 45 C.F.R. § 147.130(a)(1)(iv); and

(2) any penalties, fines, or assessments for noncompliance with the June 30, 2014 Contraceptive Coverage Requirement, including those found in 26 U.S.C. § 4980D and 29 U.S.C. §§ 1132 and 1185d; and

(b) from taking any other actions based on noncompliance with the June 30, 2014 Contraceptive Coverage Requirement

against plaintiff Autocam Medical, LLC, its employee health plan(s), the group health coverage provided in connection with such plan(s), and/or plaintiff's health insurance issuers and/or third-party administrators with respect to plaintiff's health plan(s); and it is further

ORDERED that judgment is entered in favor of plaintiff and against defendants on plaintiff's claim under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.*; and it is further

ORDERED that all other claims against Defendants are DISMISSED; and it is further

ORDERED that pursuant to Local Civ. R. 54.1, the Parties will meet and confer to reach agreement on attorneys' fees and costs. The Parties will file a joint status report, including a recommendation for further proceedings, by no later than January 30, 2014. If there is no resolution of the attorneys' fees and costs matter, plaintiff may file a motion for attorneys' fees and costs within thirty days of January 30, 2014, pursuant to Fed.R.Civ.P. 54; and it is further

ORDERED that this Injunction and Judgment does not apply with respect to any changes in statute or regulation that are enacted or promulgated after this date, and nothing herein prevents plaintiffs from filing a new civil action to challenge any such future changes.

Date: January 5, 2015         /s/ Robert J. Jonker
                              ROBERT J. JONKER
                              UNITED STATES DISTRICT JUDGE